UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MORTON WILLCUTTS, JR., | Civil No. 06-2932 (RHK/SRN) |
| Petitioner, | |
| v. | REPORT & RECOMMENDATION |
| R.L. MORRISON, | |
| Respondent. | |

The above entitled matter came before the undersigned United States Magistrate Judge on Petitioner's Motion for an Enlargement of Time (Doc. No. 6). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, Petitioner's motion is denied and the Court recommends dismissal of Petitioner's action, without prejudice.

By Order of July 10, 2006, this Court determined that Petitioner had mis-filed the instant suit as a petition for habeas corpus. The action should have been filed as a civil action as Mr. Willcutts's claims challenge the conditions of his confinement, rather than the fact or duration of his confinement. (Doc. No. 5.) This Court therefore dismissed his habeas corpus petition without prejudice, but granted him leave to file a new pleading, to be entitled "Civil Complaint," and filed in accordance with the applicable pleading requirements. Petitioner was also required to either pay the remaining balance of the filing fee for bringing a civil action in federal court – namely, $345 , or to properly complete an application for leave to proceed *in forma pauperis*, together with the initial partial filing fee prescribed by 28 U.S.C. § 1915(b)(1). Id. The Order further provided that if Plaintiff had not satisfied these requirements

by August 1, 2006, the Court would recommend that the action be dismissed, without prejudice.

On July 28, 2006, Petitioner filed by mail a motion for an enlargement of time in which to comply with this Court's July 10, 2006 Order.  Petitioner contends that he is pursuing the administrative remedy process as expeditiously as possible, but does not expect to receive a response from the North Central Regional Office of the Bureau of Prisons until August 12, 2006 regarding his claims.  If his appeal is not decided in his favor, the Bureau of Prisons affords Petitioner 40 days in which to submit an appeal to the Central Office. Petitioner seeks an extension of 10 days in which to file his civil complaint, starting from the date upon which he receives notification of the Bureau of Prison's Central Office denying his appeal.  Petitioner also represents that he has complied with part of this Court's July 10, 2006 Order by paying the remaining $345 filing fee balance.  (Def.'s Mot. Enlargement of Time at 3, n. 6.)

Petitioner has not complied with the conditions of this Court's July 10, 2006 Order, therefore, the Court denies his request for an extension of time and recommends that his action be dismissed without prejudice.   Although Petitioner states that he has paid the $345 civil filing fee, the Clerk's Office indicates that it has not received payment.  It is possible that payment is in process, in which case, given the recommendation for disposition here, the Clerk's Office is directed to return any such payment to Petitioner.  Finally, in the event that the Bureau of Prisons denies his appeal, Petitioner is free to re-file his claims as a civil action, filing them in accordance with the applicable pleading requirements and civil filing fees.

Based upon all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.   Petitioner's Motion for an Enlargement of Time (Doc. No. 6) be denied; and

2.   Based on Petitioner's failure to comply with the conditions of this Court's July 10, 2006 Order, the Court recommends that his action by dismissed without prejudice; and

3.   Given the recommendation for disposition here, if the filing fee payment is received, the Clerk's Office is directed to return it to Petitioner.

Dated: August 11, 2006

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by **August 25, 2006,** after being served with a copy thereof.  The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.